ANTOLIN AGARWAL LLP
MONTY AGARWAL (SBN 191568)
RACHEL CHANIN (SBN 229253)
3021 Citrus Circle, Suite 220
Walnut Creek, CA 94598
Telephone: 415.377.9356
Email: magarwal@aaclegal.com
      rchanin@aaclegal.com

Attorneys for Plaintiff
THRESHOLD ENTERPRISES, LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THRESHOLD ENTERPRISES LTD., a Delaware corporation,<br><br>    Plaintiff,<br><br>v.<br><br>PRESSED JUICERY, INC., a Delaware corporation,<br><br>    Defendant. | Case No.:<br><br>**COMPLAINT**<br><br>1. **FEDERAL TRADEMARK INFRINGEMENT;**<br>2. **COMMON LAW TRADEMARK INFRINGEMENT;**<br>3. **CALIFORNIA BUSINESS & PROFESSIONS CODE § 14330;**<br>4. **FEDERAL UNFAIR COMPETITION; AND**<br>5. **STATE AND COMMON LAW UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT

Plaintiff Threshold Enterprises Ltd. ("Plaintiff") brings this action against Pressed Juicery, Inc. ("Defendant") for injunctive relief and damages for violations of (1) federal trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), (2) common law trademark infringement, (3) unfair competition under California Business and Professions Code § 17200 *et seq*., (4) federal unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and (5) state and common law unfair competition, as hereinafter alleged:

## JURISDICTION

1. This Court has jurisdiction pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338(a) over the federal trademark infringement, which arise under the Federal Lanham Act, 15 U.S.C. §§ 1051, *et seq*; and has jurisdiction pursuant to 28 U.S.C. §§ 1338(b) and 1367 over the asserted state law claims.

2. Upon information and belief, this Court has personal jurisdiction over Defendant since Defendant has transacted business in this District during times relevant to this action, including a substantial part of the events giving rise to the claims. Plaintiff's claims in this action arise in part from Defendant's forum-related activities. Upon information and belief, Defendant has offered for sale and sold its products to consumers in California through online retailers, and owns and operates websites directly selling products to consumers in California.

3. Defendant has purposefully availed itself of the privilege of conducting business in California, and exercise of jurisdiction here is reasonable.

## VENUE

4. Venue is proper under 28 U.S.C. §§ 1391(b), 1391(c), and 1391(d). A substantial part of the events giving rise to this action occurred in this judicial district. 28 U.S.C. § 1391(b). Plaintiff is informed and believes, and on that basis alleges, that Defendant has and/or is currently selling its goods throughout California using online portals and online retail sellers that sell to California consumers, including those in the Northern District of California.

## INTRADISTRICT ASSIGNMENT

5. Pursuant to Local Rule 3-2(c) and General Order No. 44, venue for this case is proper in any courthouse in the Northern District because it is an intellectual property case.

**THE PARTIES**

6. Plaintiff is a Delaware corporation with its principal place of business located at 23 Janis Way, Scotts Valley, California 95066. Plaintiff sells a variety of high-quality vitamin and dietary supplements, including the WELLNESS SHOT drinkable supplement.

7. Plaintiff has manufacturing and distribution facilities in Santa Cruz County, and does substantial business in the Northern District of California. Threshold is a private company employing more than 700 people. It markets its products through its website at <http://www.sourcenaturals.com> and sells its products to thousands of retailers – some of which are well known national retailers such as Amazon.com, Whole Foods Markets, Sprouts, and Vitamin Shoppe.

8. Plaintiff is informed and believes, and on that basis alleges, that Defendant is a Delaware corporation with a principal place of business at 1550 17th Street, Santa Monica, California  90404. Plaintiff is further informed and believes, and on that basis alleges, that Defendant markets, promotes, and/or sells Defendant's product, which is marketed as a drinkable supplement using the mark WELLNESS SHOT.

**FACTS GIVING RISE TO ALL CLAIMS FOR RELIEF**

**Plaintiff's Substantial Investment in its Trademark**

9. Threshold Enterprises is the owner of incontestable U.S. Trademark Registration No. 3,073,471 for WELLNESS SHOTS and U.S. Trademark Registration No. 4,405,519 for WELLNESS SHOT for "dietary supplement(s)." WELLNESS SHOT registered on September 24, 2013. WELLNESS SHOTS was originally registered on March 28, 2006 to California Natural Vitamin Labs, Inc., and was later assigned to Threshold Enterprises. Copies of these registrations are attached as Exhibit A. The registrations are conclusive evidence of Plaintiff's exclusive right to use WELLNESS SHOT and WELLNESS SHOTS in commerce or in connection with the goods specified in the registrations.

10. Plaintiff has used its WELLNESS SHOT and WELLNESS SHOTS marks in connection with dietary supplements prior to any use of the marks by Defendant. WELLNESS SHOT(S) is a prominent national brand, with products available in all major markets. Attached as

Exhibit B is an exemplar showing one of Plaintiff's uses of the WELLNESS SHOT and WELLNESS SHOTS marks.

11. From inception to date, the WELLNESS SHOT(S) product has enjoyed commercial success. By reason of the long-standing and extensive use of WELLNESS SHOT(S), Plaintiff's rights in its trademarks are strong.

**Defendant's Unlawful Conduct**

12. Plaintiff is further informed and believes, and on that basis alleges, that Defendant markets, promotes, and/or sells dietary supplements using the WELLNESS SHOT mark through its website, https://www.pressedjuicery.com. Attached as Exhibit C is an exemplar showing use of the WELLNESS SHOT mark in connection with Defendant's product.

13. Plaintiff is informed and believes, and on that basis alleges, that Defendant markets, promotes, and/or sells the WELLNESS SHOT marked dietary supplements in intrastate and interstate channels of commerce in the United States.

14. Plaintiff is informed and believes, and on that basis alleges, that Defendant began to use the WELLNESS SHOT mark to market, promote, and/or sell dietary supplements in intrastate and interstate commerce in the United States after the time at which Plaintiff had already long-established priority of use in the WELLNESS SHOT and WELLNESS SHOTS marks for dietary supplements.

15. Defendant's use of the WELLNESS SHOT mark is and continues to be without permission or authorization of Plaintiff. Plaintiff contacted Defendant several times regarding use of the WELLNESS SHOT mark, and yet Defendant continues to use the mark without authorization.

16. The goodwill of Plaintiff's business under the WELLNESS SHOT and WELLNESS SHOTS trademarks is of enormous value, and Plaintiff will suffer irreparable harm should Defendant's infringement be allowed to continue to the great detriment of Plaintiff's reputation and goodwill.

# FIRST CAUSE OF ACTION

## FEDERAL TRADEMARK INFRINGEMENT

17. Plaintiff realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 16, inclusive.

18. Plaintiff has marketed and promoted its product under its WELLNESS SHOT and WELLNESS SHOTS marks. Plaintiff's rights in its WELLNESS SHOT and WELLNESS SHOTS marks as used on its product, including in interstate commerce, are prior to any rights Defendant could claim in the marks or any confusingly similar mark, and Plaintiff's rights are superior to those of Defendant.

19. As a result of Plaintiff's marketing and promotion, Plaintiff's WELLNESS SHOT and WELLNESS SHOTS marks used on its product to signify the product name have come to mean and are understood to signify the product of a single source, and are the means by which those products and services are distinguished from the products and services of others in the same and in related fields.

20. Defendant's continued use of the WELLNESS SHOT mark without the authorization of Plaintiff infringes Plaintiff's exclusive rights in its trademarks for WELLNESS SHOT and WELLNESS SHOTS. Defendant's use of the WELLNESS SHOT mark when used on Defendant's product, is so similar to the long-established marks of Plaintiff as to be likely to cause confusion as to the affiliation, connection or association between Plaintiff's and Defendant's respective products.

21. Defendant's activities have caused and will cause irreparable harm to Plaintiff for which Plaintiff has no adequate remedy at law in that: (i) if Defendant's wrongful conduct continues, consumers are likely to become further confused as to the affiliation, connection or association of Plaintiff's WELLNESS SHOT and WELLNESS SHOTS marked product; (ii) Plaintiff's WELLNESS SHOT and WELLNESS SHOTS trademarks are unique and valuable property which has no readily determinable market value; (iii) the infringement by Defendant constitutes an interference with Plaintiff's goodwill and market relationships; and (iv) Defendant's wrongful conduct, and the damages resulting to Plaintiff, is continuing. Plaintiff has been damaged in an amount that will be ascertained according to proof.

22. Plaintiff is entitled to injunctive relief, its attorneys' fees, and costs of suit.

## SECOND CAUSE OF ACTION

## COMMON LAW TRADEMARK INFRINGEMENT

23. Plaintiff realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 22, inclusive.

24. This claim is against Defendant for common law trademark infringement.

25. In addition to the federal registration owned by Plaintiff as set forth above, Plaintiff owns and uses the WELLNESS SHOT and WELLNESS SHOTS trademarks and enjoys common law rights in California and throughout the United States in and to the WELLNESS SHOT and WELLNESS SHOTS trademarks for dietary supplements, and thus these rights are senior and superior to any rights which Defendant may claim in its infringing products.

26. Customers purchasing products will likely be confused by Defendant's WELLNESS SHOT marked product and their association or affiliation with Plaintiff's product. In addition to similar marks on the same category or related category of goods, Plaintiff and Defendant sell in similar categories of market channels. For example, both Plaintiff and Defendant's products are dietary supplements sold directly to consumers online. Plaintiff is informed and believes, and on that basis alleges, that Defendant's WELLNESS SHOT marked product is offered for sale in overlapping channels of trade. Potential customers are likely to be confused as to whether Defendant's WELLNESS SHOT branded product is affiliated, sponsored, or in other ways connected with the same source as Plaintiff's WELLNESS SHOT and WELLNESS SHOTS branded product.

27. Defendant's infringement will continue unless enjoined.

## THIRD CAUSE OF ACTION

## CALIFORNIA BUSINESS & PROFESSIONS CODE § 14330

28. Plaintiff realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 27, inclusive.

29. As a result of the duration and extent of use of the WELLNESS SHOT and WELLNESS SHOTS trademarks, the duration and extent of the advertising and publicity of marks,

the geographical extent of the distribution of the same, the superior quality of Plaintiff's products and services, and the degree of recognition of the marks, Plaintiff's WELLNESS SHOT and WELLNESS SHOTS marks have achieved an extensive degree of distinctiveness.

30. As a result of Defendant's use of the WELLNESS SHOT mark, Defendant is diluting the distinctive quality of the WELLNESS SHOT and WELLNESS SHOTS trademarks in violation of California Business & Professions Code Section 14330.

31. Plaintiff will suffer irreparable harm should Defendant's unlawful acts be allowed to continue to the great detriment of Plaintiff's reputation and goodwill. Defendant's acts will continue unless enjoined.

## FOURTH CAUSE OF ACTION
## **FEDERAL UNFAIR COMPETITION**

32. Plaintiff realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 31, inclusive.

33. Defendant's use of the WELLNESS SHOT mark in commerce constitutes false designations of origin or descriptions in that it is likely to cause confusion or mistake or to deceive as to the affiliation, connection, or association of Defendant's product with Plaintiff's product or as to whether Plaintiff has sponsored, approved or authorized Defendant's product or is otherwise connected to it. Thus, Defendant's activities constitute violations of § 43(a) of the Lanham Trademark Act, 15 U.S.C. § 1125(a).

34. Defendant's acts of unfair competition are willful and deliberate and with an intent to reap the benefit of the Plaintiff's WELLNESS SHOT and WELLNESS SHOTS trademarks, goodwill, and reputation.

35. The continued unauthorized use by Defendant of the confusingly similar trademark in relation to the manufacture and sale of the dietary supplements at issue is likely to cause confusion and deception of the public and lead consumers and potential consumers to erroneously associate the products of Defendant with Plaintiff and/or to erroneously believe that the products of Defendant are being placed upon the market with the consent and authority of Plaintiff, as a result of which the continued use by Defendant of the WELLNESS SHOT mark has caused and, unless

restrained, will continue to cause serious and irreparable injury to Plaintiff. By reason of Defendant's acts of false designation, description, and representation as alleged above, Plaintiff has suffered, and will continue to suffer, substantial damage to its business reputation and goodwill, as well as diversion of trade and loss of profits in an amount not yet ascertained.

## FIFTH CAUSE OF ACTION

## STATE AND COMMON LAW UNFAIR COMPETITION

36. Plaintiff realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 35, inclusive.

37. The acts and conduct of Defendant as alleged above in this Complaint constitute unlawful, unfair, and/or fraudulent business acts or practices as defined by California Bus. & Prof. Code § 17200 *et seq.*

38. Defendant's violation of federal law and common law, as alleged above in this Complaint, constitute unlawful and/or unfair business acts or practices. The WELLNESS SHOT and WELLNESS SHOTS trademarks are associated with Plaintiff due to Plaintiff's long-standing use, extensive sales, and marketing. Plaintiff has developed a valuable asset in the marks and its products sold under the marks. It is only fair and legitimate that Plaintiff be able to continue its business without unfair, improper, unauthorized interference by Defendant as alleged herein.

39. Defendant's acts of unfair competition were intentional and knowing and done with a willful disregard for Plaintiff's longstanding rights to the use of its trademarks. Defendant's acts of unfair competition have proximately caused and will continue to cause Plaintiff to suffer injury in fact and loss of money and/or property in an amount to be proven at trial.

40. Defendant's acts of unfair competition also have caused and are causing irreparable injury to Plaintiff and to Plaintiff's marks and to the business and goodwill represented thereby, and unless enjoined, will cause further irreparable injury, whereby Plaintiff has no adequate remedy at law.

41. Defendant's conduct as alleged above has damaged and will continue to damage Plaintiff's goodwill and reputation and has resulted in a loss of revenue to Plaintiff in an amount that is unknown at the present time but will be ascertained in this action.

42.     Defendant's acts complained of herein constitute malice, oppression and/or fraud thus entitling Plaintiff to recover punitive damages.

**PRAYER**

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1.     An order permanently enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participating with any of them, from:

    a) committing any further acts of trademark infringement,

    b) using any term that is likely to be confused with the Plaintiff's WELLNESS SHOT and WELLNESS SHOTS marks asserted herein,

    c) representing directly or indirectly in any form or manner whatsoever that any product is associated with or approved by Plaintiff when, in fact, it is not,

    d) passing off or inducing or enabling others to sell or pass off any product as one of Plaintiff's product or as a product endorsed or approved by Plaintiff, and

    e) committing any other act calculated to compete unfairly in any manner;

2.     An order seizing and impounding all infringing products and all manufacturing supplies in Defendant's possession or control;

3.     An order requiring Defendant to refrain from seeking any trademark registration inconsistent with the foregoing injunctive relief;

4.     An order awarding to Plaintiff damages in the amount that Plaintiff has been harmed by Defendant's infringements and unfair business practices, in an amount Plaintiff proves at trial;

5.     An order for an accounting and disgorgement of Defendant's profits from its infringing and unfair business activity;

6.     A finding that Defendant have willfully and deliberately committed acts of trademark infringement against Plaintiff;

7.     An order trebling such damages against Defendant;

8.     An order for attorneys' fees and costs that Plaintiff incurred in having to bring and sustain this action for the legal enforcement of its trademark and business rights against Defendant; and

9. Such other and further equitable and legal relief as the Court may deem appropriate.

**JURY DEMAND**

Plaintiff requests this case be tried by a jury on all issues triable by a jury.

Dated: June 26, 2019                                  ANTOLIN AGARWAL LLP


By:  /s/ Monty Agarwal
     MONTY AGARWAL
     RACHEL CHANIN
     Attorneys for Plaintiff
     THRESHOLD ENTERPRISES LTD.

# EXHIBIT A

Int. Cl.: 5

Prior U.S. Cls.: 6, 18, 44, 46, 51 and 52

**United States Patent and Trademark Office**

Reg. No. 3,073,471
Registered Mar. 28, 2006

## TRADEMARK
### PRINCIPAL REGISTER

## Wellness Shots

CALIFORNIA NATURAL VITAMIN LABS, INC. (CALIFORNIA CORPORATION)

21636 MARILLA STREET

CHATSWORTH, CA 91311

FOR: DIETARY SUPPLEMENT, IN CLASS 5 (U.S. CLS. 6, 18, 44, 46, 51 AND 52).

FIRST USE 2-28-2005; IN COMMERCE 2-28-2005.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "WELLNESS", APART FROM THE MARK AS SHOWN.

SER. NO. 78-601,833, FILED 4-5-2005.

MICHAEL KEATING, EXAMINING ATTORNEY

# United States of America
### United States Patent and Trademark Office

# WELLNESS SHOT

**Reg. No. 4,405,519**
**Registered Sep. 24, 2013**
**Int. Cl.: 5**

**TRADEMARK**

**PRINCIPAL REGISTER**

THRESHOLD ENTERPRISES LTD. (DELAWARE CORPORATION)
23 JANIS WAY
SCOTTS VALLEY, CA 95066

FOR: DIETARY SUPPLEMENTS, IN CLASS 5 (U.S. CLS. 6, 18, 44, 46, 51 AND 52).

FIRST USE 2-28-2005; IN COMMERCE 2-28-2005.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 1,965,003, 3,073,471, AND 3,933,241.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "SHOT", APART FROM THE MARK AS SHOWN.

SEC. 2(F) AS TO "WELLNESS".

SER. NO. 85-628,552, FILED 5-17-2012.

JASON BLAIR, EXAMINING ATTORNEY



Deputy Director of the United States Patent and Trademark Office

# EXHIBIT B





# EXHIBIT C

Lemon Ginger Cayenne Wellness Shot | Pressed Juicery

**FREE LOCAL DELIVERY. UP TO $10 OFF WITH A PURCHASE OF $35.**
**ANY 4 FOR $20. SHOP NOW. DETAILS.**

# pressed juicery

LOGIN

MENU    CLEANSES    BUNDLES    MEMBERSHIP    LOCATIONS    LEARN    THE PRESS

# Wellness Shot

**Taste**

Lemony with a very strong spicy kick from cayenne and ginger

**RECOMMENDED FOR**

- A healthy boost of vitamin C
- People who want to relieve upset stomach, aches, and pains
- Anyone who wants to treat fevers, poor circulation, nausea, and other digestive problems



| $2.50 Member Pricing | $2.95 Regular Pricing |

-    1    +

**FREE LOCAL DELIVERY. UP TO $10 OFF WITH A PURCHASE OF $35.
ANY 4 FOR $20. SHOP NOW. DETAILS.**

# pressed juicery

LOGIN

MENU    CLEANSES    BUNDLES    MEMBERSHIP    LOCATIONS    LEARN    THE PRESS

## About Wellness Shot

A big immune boost in a small bottle! Our wellness shots are perfect for anyone feeling a cold coming on or who is already sick. They are also a healthy way to energize for a natural pick-me-up.

0% Vitamin A | 10% Vitamin C | 0% Calcium | 2% Iron
Kosher | Vegan | Gluten-Free | 100% Juice

## Nutrition Facts

1 Amount per serving. Serving Size 2 fl oz

**Calories** 25 | **Calories from fat** 0
**Trans fat** 0g | **Sodium** 0mg
**Total carbs** 6g | **Dietary fiber** 1g
**Sugar** 0g | **Protein** 1g

**SEE FULL NUTRITION**

Cold-Pressed. Perishable, keep refrigerated. Shake away separation. Manufactured in a facility that processes nuts.